## Peoples Savings Association v. Whallin

*Norman D. Jaffe,* for plaintiff.
*John R. Orie,* for defendant.
*Harry K. McNamee,* for additional defendant.

KIESTER, *P.J.,* April 21, 1980—This case is before the court for disposition of the additional defendants' preliminary objections. The first objection is in the nature of a demurrer. The second is in the nature of a motion to strike.

The procedural posture of this case is substantially as follows:

A complaint in mortgage foreclosure was filed by Peoples Savings Association against Ronald C. Whallin and Dolores F. Whallin, his wife. Defendants filed an answer, new matter, and a counterclaim in both assumpsit and trespass averring that additional defendants induced them to enter into the mortgage agreement with plaintiff whereby the proceeds would be used to remodel defendants' home, and further, that before making any payments to additional defendants on behalf of defendants, plaintiff would inspect the work which had been done. Defendant alleges that despite this agreement disbursements were made in the amount of $30,000 prior to the completion of the required work.

Plaintiff filed a reply to the new matter, an answer to the counterclaim, and a petition for leave to join the additional defendants. After the court granted the petition, a complaint to join the additional defendants was filed and these preliminary objections followed.

The resolution of the issues raised by the additional defendants depends upon the degree of flexibility with which the court applies the Rules of Civil Procedure.

The initial determination is whether the additional defendants may be properly joined in an action for mortgage foreclosure. Additional defendants rely upon Signal Consumer Discount Co. v. Babuscio, 257 Pa. Superior Ct. 101, 390 A. 2d 266 (1978), in asserting that joinder is improper.

In Signal Consumer Discount Co. v. Babuscio, supra, at 106-09, the court held that Rules 1141-1150 of the Pennsylvania Rules of Civil Procedure

displace Rule 2252 and preclude the joinder of an additional defendant solely on the basis of an assumpsit claim. The claim was based upon a failure of additional defendant to pay monthly loan obligations under the provisions of a disability insurance policy which defendant was required to purchase. The mortgage was conditioned upon the purchase of such a policy. Defendants asked the lower court to find the carrier solely liable to plaintiff or liable over to defendants. The court stated that: "The very definition of a mortgage foreclosure action under Rule 1141(a) excludes 'an action to enforce a personal liability'; this restriction is essential to preserve the 'de terris' identity of a mortgage foreclosure action and is equally binding on a mortgagee-plaintiff and a mortgagor-defendant."

Although the rules are structured to maintain the "de terris" identity of a mortgage foreclosure action, a sole exception to this rigidity of procedure was expressly provided in the rules. Rule 1148 states that a defendant is permitted to ". . . plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose." It is true that plaintiff's claim against additional defendant is not such a counterclaim; however, it is based upon the answer, new matter, and counterclaim filed by defendant against plaintiff.

It is the opinion of this court that defendants' counterclaim is factually inextricably tied up with the mortgage and the alleged default thereon. The inquiry becomes whether the rules are so inflexible that they preclude the joinder of a person, not yet a party, who may be solely liable or liable over to plaintiff on the counterclaim. The inviolability of

the "de terris" nature of this proceeding cannot support such rigidity. It is apparent that the grafting of an exception to the rules is based upon a realization that claims which are based upon the mortgage should be disposed of in one proceeding. The joinder of additional defendant is not only proper because it is founded upon the practical application of Rule 1148, but also in the interests of judicial economy.

The objections in the nature of a demurrer allege that the complaint fails to state a cause of action. Plaintiff by incorporating defendants' counterclaim into his complaint has asserted a cause of action against additional defendants. The specificity of the counterclaim is overwhelming in that it cites 68 alleged violations by additional defendants. Whether plaintiff and defendants can prove the validity of their claims is not an issue at this time. The factual specificity also mandates the dismissal of the motion to strike.

Finally, it is noted that the pleadings are not defective because parties have pled in the alternative. Such pleading is permitted by Rule 1020(c) of the Rules of Civil Procedure: Pa.R.C.P. 1020(c). Rule 2255(a) extends this policy to instances where a party has been joined.

## ORDER

And now, April 21, 1980, the preliminary objections of additional defendant are dismissed. Additional defendant shall plead within 20 days after notice of this order.